Elmer HAHN d/b/a Holiday Hotel, etc., No. S–27–67, Appellant,

v.

KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD, etc., Appellees.

Elmer HAHN d/b/a Market Cafe, etc., No. S–26–67, Appellant,

v.

KENTUCKY ALCOHOLIC BEVERAGE CONTROL BOARD, etc., Appellees.

Court of Appeals of Kentucky.

June 14, 1968.

Rehearing Denied Oct. 4, 1968.

Edward F. Prichard, Jr., Frankfort, for appellant.

John D. Darnell, Frankfort, for appellees.

EDWARD P. HILL, Judge.

The two above-numbered appeals are consolidated.

In both appeals, Hahn seeks to reverse judgments upholding the revocation of retail liquor licenses for his premises in the city of Covington, Kentucky.

In the first-numbered appeal, we find that appellant was charged with selling liquor after closing hours fixed by the local authorities. Appellant says in his brief that he admitted the charges and asked for mercy. Clearly there was a violation of the rules, justifying revocation. Therefore if the local administrator, whose action was approved by the board, showed no "mercy," appellant has lost out in the only forum in which the legislature has invested the qualities of "mercy." Apparently no laws have ever been enacted that bestow upon this court the power to set aside the order of an administrative body when it acts within the provisions of the statute.

When it is admitted that appellant's premises were open for business at 5:00 a. m., with ninety-eight persons celebrating the Christmas holidays on December 27, 1964, it is easy to understand why the local administrator and the control board did not show mercy.

Obviously the action of the Local Alcoholic Beverage Administrator, approved by the Kentucky Alcoholic Beverage Control Board, was fully justified and supported by the charges and the evidence and will not be disturbed by this court. Cf. Jacobs v. Alcoholic Beverage Control Board, Ky., 299 S.W.2d 613.

Perhaps enough has been said, but for good measure we refer to the second appeal (both appeals bear the same date).

In the second appeal, the charges were that (1) appellant refused an inspection by an agent of the Alcoholic Beverage Control Board (KRS 241.090); and (2) that he permitted minors to loaf and loiter on his premises at 10:45 p. m. on May 11, 1966.

A governmental agency is authorized to reserve the right of inspection. 30 Am.Jur., Intoxicating Liquors, § 456.

ABC Regulation 4:50 B(1) states:

"Minors shall not be permitted to loaf or loiter in or about the barroom of any licensed premises where alcoholic beverages are sold by the drink."

These charges were supported by competent and sufficient evidence.

The judgments are affirmed.

All concur.